SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
CHRISTEN A. SPROULE (Cal. Bar #310120)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-4493
    Facsimile:   (213) 894-7177
    E-mail:      Christen.A.Sproule@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>      v.<br><br>BANK FUNDS TOTALING $265,481.73 HELD IN WELLS FARGO AND CITIBANK ACCOUNTS,<br><br>      Defendant. | No. CV 15-06344-DDP (PLAx)<br><br>CONSENT JUDGMENT |
| ALMA ALVAREZ,<br><br>      Claimant. | |

      This action was filed on August 20, 2015 against $40,008.20 seized from Wells Fargo Bank Checking Account #****4682 held in the name of Alma Alvarez; $40,007.85 seized from Wells Fargo Bank Checking Account #****4674 held in the name of Alma Alvarez; $40,005.16 seized from Wells Fargo Bank Checking Account

#****0733 held in the name of Alma Alvarez; $15,002.84 seized from Wells Fargo Bank Checking Account #****2659 held in the name of Alma Alvarez; $3,473.87 seized from Wells Fargo Bank Checking Account #****0228 held in the name of Alma Alvarez; $427.17 seized from Wells Fargo Bank Checking Account #****8796 held in the name of Alma Alvarez; $20,728.87 seized from Citibank Checking Account #****2793 held in the name of Ruben Alvarez; $39,026.68 seized from Citibank Checking Account #****2353 held in the name of Ruben Alvarez; $16,702.34 seized from Citibank Checking Account #****3634 held in the name of Alma Alvarez; and $50,098.75 seized from Citibank Checking Account #****8469 held in the name of Ruben Alvarez (collectively, the "defendant bank funds"). Notice has been given and published in accordance with law. Claimant Alma Alvarez ("Alvarez") filed a claim and an answer on September 30, 2015. Neither potential claimant Ruben Alvarez nor any other potential claimant has filed a claim or answer, and the time for filing claims and answers has expired. Plaintiff United States of America and Alvarez have reached an agreement that is dispositive of the action and have requested that this consent judgment be entered. Nothing in this consent judgment is intended or should be interpreted as an admission of wrongdoing by Alvarez.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

A. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355 and over the parties hereto.

B. The Complaint for Forfeiture states a claim for relief pursuant to 21 U.S.C. § 881(a)(6).

C. Notice of this action has been given in accordance with law. All potential claimants to the defendant bank funds other than Alvarez are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

D. The following bank funds shall be returned to Alvarez without interest and

shall be paid to Alvarez no later than sixty days after the date this Judgment is entered, or the date Alvarez provides the information described below, whichever is later:

a. $40,008.20 in Wells Fargo Bank, Checking Account #****4682 held in the name of Alma Alvarez;

b. $40,007.85 in Wells Fargo Bank, Checking Account #****4674 held in the name of Alma Alvarez;

c. $40,005.16 in Wells Fargo Bank, Checking Account #****0733 held in the name of Alma Alvarez;

d. $15,002.84 in Wells Fargo Bank, Checking Account #****2659 held in the name of Alma Alvarez;

e. $3,473.87 held in the name of Alma Alvarez in Wells Fargo Bank, Checking Account #****0228;

f. $427.17 in Wells Fargo Bank, Checking Account #****8796 held in the name of Alma Alvarez; and

g. $16,702.34 in Citibank, Checking Account #****3634 held in the name of Alma Alvarez.

E. If the United States elects to make the payment by check, the check will be payable to the "Willoughby & Associates Client Trust Account." If the United States elects to make the payment by wire transfer, the funds will be wire transferred to the Willoughby & Associates Client Trust Account. Alvarez agrees to provide the necessary bank account information and personal identifiers for the trust account upon request from the United States.

F. Alvarez shall use the returned bank funds to open 529 College Savings Plans ("529 plans") for her three minor children with the amounts divided equally amongst the funds. Alvarez shall submit to government counsel a declaration under penalty of perjury with supporting documentation showing proof of the establishment of the 529 plans opened for the minor children no later than 60 days after the bank funds are returned to her pursuant to this Judgment.

G. The United States of America shall have judgment as to the remaining defendant bank funds:

   a. $20,728.87 seized from Citibank, Checking Account #****2793 held in the name of Ruben Alvarez;
   b. $39,026.68 seized from Citibank Checking Account #****2353 held in the name of Ruben Alvarez; and
   c. $50,098.75 seized from Citibank, Checking Account #****8469 held in the name of Ruben Alvarez,

together with all interest earned by the government on the entire amount of the defendant bank funds since seizure, and no other person or entity shall have any right, title or interest therein.

H. Alvarez has agreed to release the United States of America, its agencies, agents, officers, employees and representatives, including, without limitation, all agents, officers, employees and representatives of the Drug Enforcement Administration and the Department of Justice, as well as all agents, officers, employees and representatives of any state or local governmental or law enforcement agency involved in the investigation or prosecution of this matter, from any and all claims (including, without limitation, any petitions for remission, which Alvarez hereby withdraws), actions or liabilities arising out of or related to this action, including, without limitation, any claim for attorney fees, costs and interest, which may be asserted by or on behalf of Alvarez, whether pursuant to 28 U.S.C. § 2465 or otherwise.

I. The Court finds that there was reasonable cause for the institution of these proceedings. This Judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: May 23, 2017

_____
THE HONORABLE DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: May    , 2017

SANDRA R. BROWN
Acting United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

_____
CHRISTEN A. SPROULE
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: May    , 2017

_____
ANTHONY WILLOUGHBY

Attorney for Claimant
ALMA ALVAREZ

DATED: May    , 2017

_____
ALMA ALVAREZ

Claimant